IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| JOHN THOMAS COOPER,<br><br>    Petitioner,<br><br>vs.<br><br>CHARLES RYAN, et al.,<br><br>    Respondent. | No. CV 09-0383-TUC-RCC (BPV)<br><br>**REPORT AND RECOMMENDATION** |

On July 9, 2009, Petitioner, an inmate confined in the Arizona State Prisons Complex in Florence, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to Title 28, U.S.C. § 2254 ("Petition"), (Doc. No. 1), and a "Motion to Expedite Time frames for Habeas Corpus Litigation (Doc. No. 3). The District Court partially granted the motion to expedite, calling for an answer from Respondents within 20 days of the date of service, and permitting Petitioner 15 days to file a response. (Doc. No. 4.) Respondents filed an Answer to the Petition on August 11, 2009. (Doc. No. 9.) No response has been filed.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation.

For the reasons discussed below, the Magistrate Judge recommends that the District Court enter an order DENYING the Petition.

**I.**     **FACTUAL AND PROCEDURAL BACKGROUND**

    A.     <u>Disciplinary Proceeding</u>

On November 11, 2006, Petitioner entered a guilty plea to the offense of resisting arrest and was placed on 3 years' probation. On January 16, 2009, Petitioner'

probation was revoked, and the trial court imposed a presumptive term of imprisonment for 1 year with credit for 18 days time served. (Answer "Ans.", Ex. A.)

On May 24, 2009, while Petitioner was housed in the Arizona Department of Corrections (ADC), Florence, a written disciplinary report in was issued charging Petitioner with violating a verbal directive. (Petition, "Pet.", Doc. 1.) The report contains a certification by an officer that, on May 26, 2009, it was served on Petitioner for a hearing on the charge before the Disciplinary Hearing Officer. A notation after service indicates "Not Guilty: 2 Witnesses". (*Id*.)

On May 26, 2009, Petitioner and an officer/witness signed an "Inmate Disciplinary Hearing Waiver." (Ans., Ex. B.) The form indicated that Petitioner waived his right to appear at the hearing, and his right to a 48-hour prior notice: "Based on the I/M's plea of guilty." (*Id*.) The hearing, held in absentia, resulted in a finding of guilty based on the plea of guilty. (Ans., Ex. C.)

Petitioner appealed his disciplinary charge, asserting a due process violation because he was told that "witnesses are never allowed to testify in person and that I would have to submit written questions to witnesses who would be questioned outside of my presence" in violation of the Due Process and Equal Protection Clauses of the U.S. Constitution. (Pet., Doc. 4.) Petitioner also challenged the adequacy of proof because the hearing officer stated that he based his finding upon a plea of guilty but he never pled guilty. (*Id*.)

The appeal's officer upheld the findings, noting that the report contained adequate evidence to support the charges, that during his preliminary hearing he was offered a chance to enter a plea on the disciplinary charge and Petitioner chose to enter a plea of guilty, and signed a hearing waiver. (Pet., Doc. 5.)

In Petitioner's second appeal, he again argued that he was told that witnesses are never allowed to testify in person, and that he did not plead guilty. (Pet., Doc. 6.) The

appeal was denied, the decision noting that "[i]n two places on two separate forms [Cooper] signed 'guilty' pleas." (Pet., Doc. 7.)

Cooper received a disciplinary penalty that included 30 days in Parole Class III, which is an inmate class that does not allow earned release credits (ERC) pursuant to A.R.S. § 41-1604.06 and -1604.07(A), precluding him from earning 5 days of ERCs. (Pet. Doc. 3, 8 at 10.) Petitioner asserts that he lost his Temporary Release date of August 22, 2009, and lost five good time credits, bringing his release date to November 12, 2009. (Pet., at 6.)

B. Special Action

Petitioner sought special action relief in Pinal County superior court. (Pet. Doc. 8.) His special action petition alleged that he was denied due process since he was not allowed to have witnesses physically present to question them at his hearing, and because his plea was changed to guilty at the hearing without his knowledge. (*Id*., at 11-12.) Petitioner also raised an equal protection claim, asserting that Petitioner was treated differently form other similarly situated prisoners. (*Id*., at 12.)

On June 15, 2009, the trial court denied deferral or waiver of court fees and costs "per the judges orders." (Pet., Doc. 9.) On June 29, Petitioner filed a petition for special action in the Arizona Court of Appeals, urging the same due process violation and equal protection arguments, and additionally, arguing that the trial court's denial of a fee waiver violated the constitution. (Pet., Doc. 10, at 1-2.) The court of appeals declined to accept jurisdiction. (Pet., Doc. 11.)

C. Federal Habeas

Petitioner raises four grounds for relief. In Ground One, he claims he was denied his Fourteenth Amendment due process rights because he was not permitted to question witnesses except by written questions that would be asked outside Petitioner's presence and would be incorporated into reports, he refused to partake in a hearing that did not

permit him to questions his witnesses, and he was found guilty based on a plea of guilty "even though he never pled guilty."

In Ground Two, Petitioner alleges his due process rights were violated because the hearing officer changed Petitioner's plea from "not guilty" to "guilty" without Petitioner's knowledge and then based his decision solely on the change of plea.

In Ground Three, Petitioner asserts a violation of his Fourteenth Amendment equal protection rights because the hearing officer, by changing Petitioner's plea without Petitioner's knowledge, treated Petitioner differently than other similarly situated prisoners for "reasons that are arbitrary, capricious, and serve no l[e]gitimate governmental purpose."

In Ground Four, Petitioner alleges he was denied his Fourteenth Amendment due process rights because he was found guilty based on a Departmental Order that was "vague as applied."

Petitioner asserts that he presented all four grounds to the Arizona Court of Appeals in a special action petition.

D. <u>Release</u>

Although Petitioner asserted in his Petition that the constitutional violations at issue in this habeas would result in a release date of November 12, 2009, a review of the claim suggests that Petitioner's claim was that he would lose five day's of earned release credit, and that his temporary release date, prior to the violation, had been August 22, 2009. This suggested to the Court that, on the day after the Court anticipated Petitioner's response, Petitioner would be released, pursuant to the terms of his sentence upon probation revocation, to a consecutive sentence of community supervision, on August 27, 2009. This Court in fact found, through ADC's online

1  Inmate Database[1], and confirmed by contacting ADC's public access information, that
2  Petitioner had been released on supervision on August 26, 2009.
3  **II.    DISCUSSION**
4         A.    Standard of Review
5         Because Petitioner filed his petition after April 24, 1996, this case is governed
6  by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d)
7  ("AEDPA").
8         B.    Statute of Limitations
9         A one year period of limitation shall apply to an application for writ of habeas
10 corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. §
11 2244(d)(1). Based on a review of the record, the Court finds that the petition is timely
12 under 28 U.S.C. § 2244(d)(1)(A).
13        C.    Case and Controversy
14        A case becomes moot when "it no longer present[s] a case or controversy under
15 Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In order
16 to satisfy the case-or-controversy requirement, the parties must have a personal stake
17 in the outcome of the suit throughout "all stages of federal judicial proceedings." *United
18 States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir.) (2001). Even though Petitioner is still
19 serving the community supervision portion of his sentence, the imprisonment sentence
20 has been completed. Community supervision is not equivalent to imprisonment. *See
21 State v. Cowles*, 207 Ariz. 8 (App. 2004).
22        An exception to the general rule that a challenge to a prison sentence becomes
23 moot once the sentence has been served is the collateral consequence exception, which
24 allows the defendant to challenge a completed prison sentence if he suffers collateral

---

[1] Arizona Department of Corrections Inmate Datasearch, http://www.azcorrections.gov/inmate_datasearch/Index_Minh.aspx.

consequences. *United States v. Palomba*, 182 F.3d 1121, 1123 (9th Cir. 1999). While these "collateral consequences" may flow from any conviction, and thus a petition challenging a conviction is not usually rendered moot by a release from custody, *see Hirabayashi v. United States*, 828 F.2d 591, 606 (9th Cir. 1987), Petitioner in this case is not challenging his conviction, but a prison disciplinary proceeding. The presumption of collateral consequences does not apply to prison disciplinary proceedings. *Wilson v. Terhune*, 319 F.3d 477 (9th Cir. 2003). Petitioner has not asserted that any collateral consequences would be remedied if this Court now finds that he was denied five days of earned release credits in violation of Federal law. Assuming he had been released earlier, it would not have affected his term of community supervision. *Cowles*, 207 Ariz. at 10.

Because Petitioner is not challenging his conviction and has been released from his term of imprisonment, there is no presumption of collateral consequences. Neither has Petitioner alleged, or does the Court find, any collateral consequences from the alleged violations raised in this habeas been alleged by Petitioner, nor does the Court, upon review of the record find any collateral consequences that would entitle Petitioner to relief. Thus, the present Petition is moot.

**III. RECOMMENDATION**

This Court recommends that the Petition for Writ of Habeas Corpus (Doc. No. 1) be DENIED.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within ten days after being served with a copy thereof. Fed.R.Civ.P. 72(b). If objections are filed the parties should use the following case number: **CIV 09-0383-TUC-RCC**.

DATED this 28th day of August, 2009.

_____
Bernardo P. Velasco
United States Magistrate Judge